# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RICARDO MARTIZE ADKINS,**

      **Petitioner,**

  v.           CASE NO. 18-3153-SAC

**WARDEN DAN SCHNURR[1],**

      **Respondent.**

## ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se and submitted the filing fee. The Court has conducted an initial review of the petition as directed by Rule 4 of the Rules Governing Habeas Corpus and enters the following findings and order.

### Background

Petitioner was convicted of rape in the District Court of Sedgwick County, Kansas. *State v. Adkins*, 248 P.3d 784 (Table) 2011 WL 1196906 (Kan. App. Mar. 25, 2011), *rev. denied*, Oct. 3, 2011.

Following his direct appeal, petitioner sought relief in a state post-conviction action filed under K.S.A. 60-1507. *Adkins v. State*, 345 P.3d 295 (Table), 2015 WL 1513948 (Kan. App. Mar. 27, 2015)(remanding for evidentiary hearing) and *Adkins v. State*, 401 P.3d 179 (Table), 2017 WL 3668916 (Kan.App. Aug. 25, 2017), *rev. denied*, Feb. 27, 2018 (denying relief after remand).

Petitioner names ten grounds for relief in this petition, as

---

[1] The Court substitutes Warden Schnurr as the respondent. Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."

follows:

1. Insufficiency of the evidence

2. Improper closing argument by the prosecutor

3. Error in allowing the jury to hear a reference to a DNA database

4. Prior convictions were not properly used in determining sentence because the fact of those convictions was not determined beyond a reasonable doubt by a jury

5. Ineffective assistance of counsel (IAC) arising from trial counsel's failure to obtain the victim's medical records

6. IAC arising from the failure to request a mental evaluation of the victim

7. IAC arising from the failure to call petitioner's cousin as a witness

8. IAC arising from the failure to impeach the victim with phone records

9. Error in failing to rule that petitioner asserted the right a speedy trial

10. Knowing use of perjured testimony by the prosecution.

## Analysis

Under 28 U.S.C. § 2254(b)(1)(A), a petition for habeas corpus cannot be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State." This exhaustion requirement is met if the claims have been presented "through one complete round of the State's established appellate review process, giving the state courts a full and fair opportunity to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th

Cir. 2011)(citation and quotations omitted).

In this case, the Court has examined the state court decisions and finds petitioner presented Claims 1 – 9 in the state courts. Therefore, these claims are exhausted for habeas corpus purposes and are properly before the Court in habeas corpus. Claim 10, however, was not presented in the state courts and is unexhausted. Because the petition contains both exhausted and unexhausted claims, it is a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982)(establishing "total exhaustion" requirement).

Generally, when a court addresses a mixed petition it may choose among four possibilities: (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance to allow the petitioner to return to state court to present the unexhausted claims; (3) allow the petition to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement and deny the petition on the merits if none of the claims has merit. *See Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016).

The Court has carefully considered the petition and will direct petitioner to choose between dismissing Claim 10, which is unexhausted, and proceeding with this action, or returning to state court to present that unexhausted claim[2]. Petitioner is directed to advise the Court on or before November 19, 2018, whether he wishes to dismiss Claim 10 or intends to return to the state court to present that claim. Likewise, if petitioner seeks to return to the state court

---

[2] It is unclear whether petitioner has an available remedy in the state courts, and the Court makes no finding on that point.

and to seek a stay and abeyance in this matter, he also must show "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [he] engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78 (1982).

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **November 19, 2018,** to advise the Court whether he will (1) dismiss Claim 10 from the petition or (2) return to state court to exhaust Claim 10.

**IT IS SO ORDERED.**

DATED: This 19th day of October, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge